———o———

5112.

(Court of Appeal, Parish of Orleans).

## J. A. COATES & SON, LIMITED vs. GEORGE LORIO.

1. For purposes of appeal the Code of Practice requires either that the testimony be taken down in writing or that a statement of fact be prepared by counsel or the court below; and a failure, through timely request, to secure a written report of all the testimony, necessitates a recourse to a statement of fact in order to bring the facts before the appellate court.
2. A ratification of the unauthorized act of an agent will be implied

where the principal, with full knowledge of the material facts and without questioning his agent's authority, seeks to escape the consequence of such act on other grounds.

Appeal from the Twenty-Eighth Judicial District Court for the Parish of St. Charles.

S. Wolff and H. N. Gautier, for plaintiff and appellee.

R. J. Perkins, for defendant and appellant.

GODCHAUX, J.—This suit is for the price of merchandise alleged to have been sold and delivered to defendant, and plaintiff's evidence consists solely of the depositions of its witnesses taken by commission, together with the documentary evidence referred to therein and made part thereof, and all filed in evidence without objection.

Defendant's two witnesses were heard in open court and, the second witness having taken the stand, defendant's counsel requested that his testimony be taken down in writing. Plaintiff's counsel thereupon objected on the ground that the request came too late, the testimony of defendant's first two witnesses not having been taken down in writing nor any request to that effect having been made by either party. The objection was sustained and this ruling forms the main complaint on the present appeal by defendant who was cast in the judgment of the court below and who prosecutes this appeal without having attempted to secure a statement of facts.

The ruling was correct, for our law, Code of Practice, 601, 602, provides that for purposes of appeal a record of the facts adduced below shall consist either of a verbatim report of the testimony or a statement of facts prepared by counsel or the court. A partial observance only of either method is not contemplated and as a written report of a portion only of the testimony would serve no

useful purpose nor bring before the appellate court the facts of the case, the lapse produced by such partial report must be cured by appellant securing a statement of facts.

### Code of Practice, 601, 602.

It was so held by the Supreme Court in **Durke & Broussard vs. Crane, 112 La. 156:**

> "Either all, or none, of the testimony must be taken down in writing, and the court may refuse the request to have the testimony reduced to writing if not made at the beginning of the trial."

> "After plaintiff in rule had about almost completed his testimony, defendant in rule asked that the testimony be reduced to writing, and the court refused. It would not have done to have taken down only a part of the testimony. Neither party had the right to have the trial begun over again. The remedy was to procure a statement of facts. **Code of Practice, Article 602.**"

A consideration of such evidence as the record contains discloses that the sale and delivery of the merchandise are proved. Moreover this evidence effectually disposes of defendant's contention that the purchase was made by a clerk who lacked authority, for it shows that defendant either made the purchase himself or subsequently, with full knowledge of the material facts and without questioning his authority, ratified his clerk's act by himself seeking to secure permission to return a part of the goods on the ground that an error as to quantity had been made.

There is no merit in the defense and the judgment is affirmed.

Judgment affirmed.